UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00408-MOC-DSC *SEALED*

| | | |
|---|---|---|
| **MICHAEL J. MELICIA** | ) | |
| **SUSAN A. SCHNEIDER-MELICIA,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MARIE HAUER** | ) | |
| **JIM MIXION** | ) | |
| **DENNIS JOSEPH GILMORE** | ) | |
| **DALE FAUSS** | ) | |
| **ANDREW VINNING** | ) | |
| **ANDREW J. CECERE** | ) | |
| **MARIE SATTERFIELD** | ) | |
| **MICHAEL R. BOURQUE JR.** | ) | |
| **DAVID S. KREISMAN,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on pro se plaintiff's Motion for Emergency Stay. In such motion, plaintiffs contend that defendants have unlawfully moved forward with the foreclosure sale of their property in state court, despite having removed that action to this court. For relief, they ask this Court in the present motion to for an "EMERGENCY STAY on the sale of our private abode and barring any further action by the Iredell County Court" until this matter can be heard. Motion (#3) at 4. Plaintiffs' motion and underlying Complaint suffer from a number of problems, making both the instant motion and the Complaint subject to summary dismissal.

First, plaintiffs' claim in the instant motion that the state court and defendants have somehow acted *ultra vires* by proceeding with the state-court action after it was removed to federal court finds no support in the record. The instrument plaintiffs filed with this Court on July 26,

2018, is a pro se form captioned "Complaint and Request for Injunction." Such is not captioned a

"Notice of Removal," and nowhere in the document is it arguable that plaintiffs are attempting to

remove the action from state court. Rather, plaintiffs claim federal question jurisdiction in Section

II of their Complaint and go on to claim as a basis for jurisdiction that this is a *Qui Tam* action

under the False Claims Act, citing the United States Attorneys Manual as the source.  Complaint

at § II.  In their statement of claim, plaintiffs state as follows in relevant part:

> Plaintiffs/realtors Schneider, Susan P. Melicia, a/k/a Susan A. Schneider-Melicia, relator in proper persona & Melicia, Michael Joseph, a/k/a Michael J. Melicia, or any numeral or combination of the names used are Beneficiaries/Sole Heirs. We have continued to settle the Matter privately & lawfully with the Defendants but the Defendants continue to attempt to HARM the Beneficiaries, and set court dates without having lawful standing or jurisdiction to do so while the foreclosure case is under way, The defendants refuse to answer or show proof of claim of debit or prove jurisdiction which has been requested multipliable times, and moved in the Special Proceeding Court to foreclose on the property that has been conveyed into the Private Express Trust, So there fore We are asking... Motion to Move the court for a Permanent Injunction and enter a Default Judgment against the Defendants for failure to show standing as a third party Debt collector under oath.
>
> ***
>
> Plaintiff /relator declares the debt pertaining to account/trust account no. PLA 001042 BNC Mortgage Inc, sold to U.S. BANK N.A. (2007-2 mortgage pass-through certificate, series 2007-2), OCWEN LOAN SERVICES LLC trust account no.7100746325 has been forgiven as stated to OCWEN FINANCIAL CORPORATION & It's Subsidiaries., Defendant's, a debt collector for U.S. BANK N.A.  Plaintiff, in good faith and good conscience tendered a lawful, negotiable instrument (RE346530609US) as per UCC laws to OCWEN LOAN SERVICES LLC a subsidiary. Defendant, with intent and purpose to settle account/trust account no.7100746325, release 'said' lien on the property and make all parties whole which was delivered via USPS registered mail on 05 AUGUST 2016. to CFO office of MCHAEL BROUQUE JR of OCWEN FINANCIAL CORPORATION., defendant, retained ownership of the negotiable instrument without settlement and closure of account/trust account no.7100746325. Plaintiff has repeatedly requested from MCHAEL BROUQUE JR, CFO for OCWEN FINANCIAL CORPORATION, defendant. The return of the original, wet ink signature negotiable instrument as well as validation of the outstanding debt prior to the foreclosure notice on 22 March 2016. all actions of the defendant has violated UCC laws, plaintiff/relator, in good faith and good conscience, has made many attempts

to settle this matter and make all parties whole. Defendant has not responded to our claim that they are HARMING and moving against Private Trust Estate within the U.S TRUST Jurisdiction. Plaintiff can and will show proof by way of Sept 20, 2017 *Certified Forensic Audit* (available upon request) showing the defendants actions are damaging and fraudulently harming not only this Trust/Estate Beneficiaries. Not to mentioned as well as the U.S and NC State Tax &Treasury Authorities, and as well as the U.S National Debit.

Complaint (#1) at 5-6 (errors in the original). Plaintiffs then go on to state the relief they seek at

the conclusion of the Complaint, as follows:

This complaint is to be Filed as a Qui Tam Complaint under Title 31 subsection 3730(b)(1)& 3730(b)(2) as relator. Defendants have been allowed by Iredell County Court to improperly cause Harm to the Plaintiffs. The Defendants have not proven their claims but merely just made fraudulent statement into the courts without proof of claim or validation of any debt owed. Defendants have used fraudulent and misleading statements to attempt to wrongfully foreclose and administer our Estates without our authorization, and are acting out of jurisdiction, As this is a Tax matter and the amount in questioned supersedes Jurisdiction of lredell Superior Courts, and must be in the Federal Jurisdiction.

Plaintiffs relief:
1st, A peaceful existence in our pursuit of life, liberty and happiness is pursuant to the Declaration of Independence which the Supreme Court has ruled to include property and labor. (suing for peace); and
2nd, Relief from the court judgment order l7SP145 on Sept 12, 2017, and order of this case being recognized as a matter of Beneficiary's Trust; and
3rd, Absent to answer issue or any other claim(s) the Chancellor shall decree all Beneficiary's Equitable claims, and that the defendants parties named above be permanently disbarred for fraudulent claims, and actions; and
4th, A decree to the proper party(s) for all proceeds of account/trust no:7100746325 . and account/trust court Claim Number l7SP145. and any/all accounts, instruments and all securities attached hereto to be returned to the estate, and provide the beneficiary a court appointed trustee; and
5th, A decree for unimpeachable , indefeasible, root title, absolute deed and possession to the land, known to as Iredell County District Tax ID no. 56-6000309/ Iredell County District Parcel Identification no. 0301B0500A007 . a.k.a. 121 Easter Lane, Davidson North Carolina; and
6th, A decree to Defendant(s) to remove all documents recorded with the Clerk and Recorder of lredell County showing any interest in the land or personal property; and
7th, Recognition of the proper status/standing of beneficiary/relator's and Notice to all agencies/instrumentalities for correction of all records; and

8th, All other relief as the nature of this case may require that is within good conscience and good reason which results in what is fair, just and right for all parties.

Id. at 6. Thus, the Court can in no manner find that plaintiffs have removed or attempted to remove any action from state court. The request for an emergency stay is, therefore, denied.

Second, the filing of such motion has caused the Court to consider its subject-matter jurisdiction inasmuch as such review required close review of the Complaint. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

Even when the Court assumes the facts as pled to be true, plaintiffs unequivocally attempt to bring this action as a *qui tam* matter under the False Claims Act ("FCA"). A *pro se* litigant may not bring a *qui tam* action under the FCA. United States ex rel. Lu v. Ou, 368 F.3d 773, 775–76 (7th Cir. 2004). As the Court of Appeals for the Fourth Circuit has held:

> Although a *qui tam* relator is entitled by statute to a share of the recovery if his action is successful, *see* 31 U.S.C. § 3730(d) (2000), the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting *pro se* suits.

United States ex rel. Brooks v. Lockheed Martin Corp., 237 Fed. Appx. 802, 803 (4th Cir. 2007)

(citing United States ex rel. Milam v. Univ. of Tex., 961 F.2d 46, 50 (4th Cir. 1992)).[1] Since this Court "lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a pro se litigant,"[2] this action will be dismissed.

Third, and finally, this Court has broadly read the Complaint to determine whether plaintiffs may, perhaps, be attempting to bring this action under some other theory. Clearly, they are unhappy with what appears to be a foreclosure sale of their property in Iredell County. The latest motion reveals that a sale has occurred and that they believe that such sale was improper. Much of the language of the Complaint is very familiar to this Court as it speaks of trusts, alleged payments of the underlying debt through "tender of a negotiable instrument," and how the loan servicer is allegedly violating the UCC in proceeding with the foreclosure. In addition, it appears that plaintiffs may be attempting to assert claims against defendants as "debt collectors" for alleged unfair acts.

In accordance with the *Rooker-Feldman* Doctrine, plaintiffs fail to assert actionable claims in this Court. The essence of their Complaint is a challenge to what appears to be ongoing proceedings in state court to foreclose on the note and sell their property pursuant to North Carolina foreclosure laws. The Court notes that "foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction." Parker v. Investire, LLC, No. CV JKB-16-256, 2016 WL 687496, at *1 (D. Md. Feb. 19, 2016) (citing McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property...suggests the presence of a federal question.")). The Court observes that plaintiffs

---

1       While *Brooks* is unpublished and is not binding, the Court finds it highly persuasive. Such decision is included in the record herein by reference to the Federal Appendix citation, where it may be read in its entirety.
2       *Brantley v. Title First Titling Agency*, 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012), *report and recommendation adopted*, 1:12CV608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012),

appear to challenge the servicing of their loan and an alleged inability of the servicer to provide a

"wet signature" copy of the note. This is but one of many *pro se* cases seeking to challenge ongoing

foreclosure proceedings based on a theory that the mortgage or promissory note was exchanged as

part of the now infamous financial crisis created by mortgage backed securities.  Courts have

repeatedly held that the mere fact of securitization and the fact that a negotiable promissory note

has changed hands -- even a number of times -- does not extinguish the homeowners' obligations

under their note.  Webb v. Equifirst Corp., 2016 WL 1274618, at *5 (W.D. Va. Mar. 31, 2016).

As this court's colleague in the Western District of Virginia recently explained:

> The Webbs appear to contend that interests cannot be, or were not, transferred properly during the securitization process. (Second Compl. ¶¶ 14, 16–25; *see also* First Compl. 7 ("[I]f the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.").) But there is nothing inherent in securitization that alters the Webbs' obligations under their Note or prevents a purchaser of the Note from enforcing it. As explained by the court in *Upperman v. Deutsche Bank National Trust Co.*, No. 01:10-cv-149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010): "[t]here is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." Judge Moon of this court quoted this same language in rejecting theories similar to those asserted here. *Blick v. JP Morgan Chase Bank*, N.A., No. 3:12-cv-1, 2012 WL 1030115, at *5 (W.D. Va. Mar. 27, 2012), *aff'd*, 474 Fed.Appx. 932 (4th Cir. 2012); *see also McFadden v. Fannie Mae*, No. 7:11-cv-335, 2012 WL 37169, at *5 (W.D. Va. Jan. 9, 2012) ("[T]he Fourth Circuit has rejected the notion that the validity of a note or deed of trust is compromised by transfer to another party." (citing *Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 619 (4th Cir. 2011)).

Id. at *5.

This action has clearly been brought as a collateral attack on foreclosure proceedings that

were either before or had been determined by the North Carolina General Court of Justice in Iredell

County.  Such a collateral attack is barred by the *Rooker-Feldman* doctrine, which prohibits actions

attacking state-court judgments in federal court. In the most recent motion, plaintiffs claim that the state court improperly sold their property. Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923).

This Court has closely reviewed the Complaint and the pleadings and determined that if it were to read such Complaint broadly to assert claims beyond the FCA, such Complaint would then violate the *Rooker-Feldman* doctrine as it seeks to overturn the determinations of a state court. This Court simply does not sit as a court of appeal from decisions issued by state courts, which have their own appellate systems. Givens v. Homecomings Fin., 278 Fed. Appx. 607, at *2 (6th Cir.2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. Appx. 487, at *2 (6th Cir.2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); Done v. Wells Fargo Bank, N.A., No. 08–cv–3040 (JFB)(ETB), 2009 WL 2959619, at *3–5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was

complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the *Rooker–Feldman* doctrine," and was alternatively barred by claim preclusion and collateral estoppel); Burlinson v. Wells Fargo Bank, N.A., Civil No. 08–cv–01274–REB– MEH, 2009 WL 646330, at \*6 (D.Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker–Feldman*").

In the end, this Court lacks subject-matter jurisdiction over this Complaint regardless of how broadly it is read. The Federal Rules of Civil Procedure provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). The Court will dismiss the action for want of subject-matter jurisdiction; however, since the merits of the Complaint are not reached where subject-matter jurisdiction is lacking, the dismissal will be without prejudice. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

## ORDER

**IT IS, THEREFORE, ORDERED** that pro se plaintiff's Motion for Emergency Stay (#3) is **DENIED**, and this action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

Signed: August 6, 2018

Max O. Cogburn Jr
United States District Judge